UNITED STATES of America, Plaintiff—Appellee,

v.

David Charles PUHER, Defendant—Appellant.

No. 01–30133.

D.C. No. CR–99–00145–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 26, 2003.

Before HUG, B. FLETCHER, and McKEOWN, Circuit Judges.

MEMORANDUM *

David Puher appeals his 50–month sentence for Interstate Transmission of Extortionate Threats. He asserts that the court erred in imposing a two-level en-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. The primary basis for the enhancement was a series of phone calls placed from jail to the residence of the victims. The calls were placed by an operator; the recipients did not accept the calls and never spoke to the person initiating them. The trial court found that these calls were placed at Puher's instigation.

Puher argues that the district judge erred in failing to make a finding as to the intent element required for obstruction of justice, and that in any event there was insufficient evidence to find intent in the record because the calls were not completed and no one knows their purpose. Because the judge adopted the presentence report, which did address the matter of Puher's intent, the critical question is one of sufficiency of the evidence.

It is unreasonable for Puher not to have foreseen that his placing calls from the local jail on five successive nights to the victims of his previous telephonic threat would have been threatening to them, particularly in light of the fact they were potential witnesses against him. Even absent any successful communication to them, sufficient evidence supports the district court's finding that the threatening nature of this conduct supported an obstruction of justice enhancement. *See U.S. v. Dota,* 33 F.3d 1179, 1189–90 (9th Cir. 1994).

Because we affirm on this ground, we need not reach the judge's alternative basis for the obstruction of justice enhancement. The district court is AFFIRMED.

**AFFIRMED.**